IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REJOICE KAI LARYEA,**

    **Plaintiff,**

                                                                    **Case No. 2:17-cv-1052**
                                                                  **Judge George C. Smith**
    **v.**                                                          **Magistrate Judge Chelsey M. Vascura**

**U.S. ATTORNEY GENERAL,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the court for consideration of Plaintiff's Proof of Service, wherein she certifies that she has effected service on the United States Attorney for the Southern District of Ohio. (ECF No. 13.) On review of Plaintiff's Proof of Service, it is apparent that she has not perfected service under Federal Rule of Civil Procedure 4(i). Rule 4(i) provides the proper procedure for effecting service when a United States Officer is sued in his official capacity, providing in pertinent part as follows:

(1) *United States.* To serve the United States a party must*:*

    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Here, Plaintiff has delivered a copy of the summons and complaint to the Attorney General of the United States, but has not done so via registered or certified mail as required by Rules 4(i)(1)(B) and 4(i)(2). Rather, Plaintiff used Priority Mail Express. *See Shupe v. General Servs. Admin.*, No. CV-16-335, 2017 WL 6209142, at *2 (D. Ariz. Apr. 25, 2017) (holding that "Priority Mail Express" to serve the Attorney General "because Rule 4 requires 'registered' or 'certified' mail"). Moreover, delivery did not occur until November 5, 2018 (*see* ECF No. 13-1), when the Court's previous order granted a final extension only until October 30, 2018. (*See* ECF No. 12.)

Plaintiff was previously cautioned that failure to perfect service over Defendant would result in this action being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 12.) Plaintiff was further advised that no further extensions of time will be granted absent a showing of true emergency. (*Id.*) It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service.

In addition, based upon the undersigned's review of Plaintiff's Complaint, it appears that she is attempting to appeal a March 30, 2017 decision from the Board of Immigration Appeals ("BIA"). This Court lacks jurisdiction over such an appeal, which must instead be brought before the United States Court of Appeals for the Sixth Circuit within 30 days of the BIA's decision. *See Wajda v. Holder*, 727 F.3d 457, 461 (6th Cir. 2013); 8 U.S.C. § 1252(b)(1). Thus, Plaintiff is advised that even if she were to properly effect service, this action will likely be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) for lack of subject-matter jurisdiction.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE